IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEWART A. "SAM" McCALLIE,

      Plaintiff,

vs.                                  No. CIV 03-235 LCS/KBM

THE CITY OF CLOVIS, a municipality
existing under the laws of the State of
New Mexico, RAYMOND MONDRAGON,
individually, and in his official capacity as
City Manager of the City of Clovis,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. 19), filed on August 15, 2003. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motion and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that this Motion should be **GRANTED IN PART**.

**I.    Background**

This case arises out of the termination of Plaintiff's employment as Fire Chief of the City of Clovis. The following facts are set forth in the light most favorable to Plaintiff, the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Plaintiff was hired as Fire Chief in October of 1996 by Harry Boden, then the Director of Public Safety for the City of Clovis. (Pl. Ex. 1.) Plaintiff reported to Harry Boden for approximately eleven months after being hired as Fire Chief. (Def. Ex. A.) In September of 1997 Plaintiff began reporting directly to the City Manager. (*Id*.) Rodger Bennett

became Clovis City Manager in September of 1998 and served in that capacity until June of 2001. Plaintiff received several letters from Mr. Bennett during the latter's tenure as City Manager regarding concerns about Plaintiff's actions as Fire Chief. (Def. Ex. 7.) Among the concerns raised in these letters were a perceived lack of leadership in the Department by Plaintiff and questions about Plaintiff's management of the Department and Plaintiff's adherence to the Clovis City Code with regard to personnel matters. (*Id.*)

Raymond Mondragon became City Manager of Clovis in June of 2001. (Def. Ex. A.) Plaintiff received a Memorandum from Mr. Mondragon in August of 2002 entitled "Performance Improvement Counseling". Among the issues raised in this communication were perceptions of a lack of communication and poor management of the Fire Department by Plaintiff as well as a concern with budgeting issues in the Department. (Def. Ex. 8.) Plaintiff was advised at this time that failure to remedy these problems would lead to further disciplinary action, with a possibility of termination. (*Id.*)

In October of 2002, Mr. Mondragon sent out a perceptions survey memorandum to members of the Fire Department in order to assess the operation of the Department as well as the perceptions of current employees. (Def. Ex. 9.) Plaintiff received the results of this survey on November 6, 2002. (Def. Ex. 11.) In November of 2002, Mr. McCallie spoke to the City of Clovis Public Safety Committee. At this meeting, Mr. McCallie expressed concerns about salary discrepancies between the Clovis Police and Fire Departments as well as misgivings about the number of personnel on duty at the Fire Department at any given time. (Pl. Ex. 6.)

On January 6, 2003, Plaintiff received a Notice from Mr. Mondragon advising him that his employment as Fire Chief would be terminated effective January 9, 2003. (Def. Ex. 13.) The

notice explained that this decision had been reached because of Plaintiff's failure to notify the City Commission of an increase in staffing levels, which had in turn led the Department to exceed its allotted budget. A second reason cited for the termination was Plaintiff's lack of leadership within the Department and Plaintiff's lack of communication with the City Manager's office regarding Department policy matters. (*Id.*) Plaintiff received a second letter from Mr. Mondragon on January 14, 2003 advising Plaintiff that, as an at-will employee, Plaintiff was subject to termination for cause or for no cause. (Def. Ex. 14.)

Defendants argue they are entitled to summary judgment because Plaintiff had no property interest in his position as Fire Chief that would trigger his right to due process protections or his right to claim a breach of employment contract. Defendants also argue that Plaintiff's discharge did not violate any constitutionally protected liberty interest or substantive due process interest or amount to retaliatory discharge under the First Amendment.

**II.     Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't. of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Movant bears the initial burden of establishing that no genuine issue exists as to any

material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

### III. Analysis

#### a. Violation of a Property Interest under the Due Process Clause

Plaintiff claims that he possessed a property interest in continued employment as Clovis Fire Chief and that the termination of his employment by the City violated this property interest. (Pl. Compl. ¶¶ 23, 24.) Plaintiff also alleges that the City breached an employment contract by terminating his employment. (*Id.* at ¶ 39.) A genuine issue of material fact exists as to whether Plaintiff possessed a property interest in his employment and therefore could be terminated only for cause. Moreover, a genuine issue of material fact exists as to whether an implied contract existed between Plaintiff and his employer under state law. Accordingly, Defendants' motion for summary judgment on Plaintiff's property interest and breach of contract claims is **DENIED**.

To establish a property interest in employment, Plaintiff must demonstrate that he has a reasonable right to continued employment under state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). The Supreme Court has recognized that property interests are not created by the

United States Constitution, but are created by existing rules and understanding stemming from an independent source such as State law. *Id.* If the basis of an employee's claim is implied contract, the court must look to state contract law in order to determine whether there is a legitimate claim to continued employment under the contract. *Carnes v. Parker*, 922 F.2d 1506, 1570 (10th Cir. 1991).

If Plaintiff can establish a protected property interest in his employment, the Supreme Court has recognized that some form of pre-termination hearing is required under the Due Process Clause. *See Loudermill v. Cleveland Bd. of Educ.*, 470 U.S. 532, 542 (1985). While the legislature may elect not to confer a property interest in public employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards. *Id.* at 540 (quoting *Arnett v. Kennedy*, 416 U.S. 134, 167 (1974)). I find that genuine issues of material fact exist regarding the terms of Plaintiff's employment with the City of Clovis, namely whether Plaintiff's position as Fire Chief was considered an at-will position and whether Plaintiff's status as an at-will or protected employee changed during the course of his employment.

With respect to the facts at issue, there is some evidence that Plaintiff was not an at-will employee at the time he was hired as Fire Chief in 1996. Harry Boden, Director of Public Safety for the City of Clovis in 1996, asserts that he hired Mr. McCallie and that Mr. McCallie reported directly to him, rather than to the City Manager. (Pl. Ex. 1, ¶¶ 3, 4.) Such employees can only be fired for cause under the Clovis personnel ordinance, Section 107. (Def. Ex. 2.) Additionally, the deposition of Nancye Clemens raises questions as to whether Mr. McCallie was a covered employee or an at-will employee under the Clovis personnel ordinance. (Pl. Ex. 2; pp. 10-18.)

However, there is also evidence to suggest that Mr. McCallie was actually hired by Don Clifton, then City Manager of Clovis (Def. Ex. D.)  The City of Clovis personnel ordinance, Section 107 states that all Department Heads appointed by the City Manager shall be at-will employees. (Def. Ex. 2).  The Court therefore finds that genuine issues of material fact exist as to whether Mr. McCallie was a protected employee under the City of Clovis personnel ordinance and therefore held a property interest in his job under the Due Process Clause.

Whether an implied contract exists between employer and employee has generally been held to be a question of fact. *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668 (1993).  The New Mexico Supreme Court has upheld findings of implied contract if the employer has directly or indirectly informed the employee that termination would only occur for just cause or has established procedures for termination. *Id.*  Oral statements made by an employer may be sufficient to create an implied contract. *Id.* at 670.  The promise on the part of the employer altering the presumed at-will employment term must be sufficiently explicit to give rise to reasonable expectation of termination for good cause only. *Id.* at 671.

This Court finds that genuine issues of material fact exist concerning the circumstances surrounding Plaintiff's hiring by the City of Clovis, the status of the Clovis Fire Chief under the City's personnel ordinance, and the degree to which Plaintiff was a protected employee under the personnel ordinance.  For these reasons, Defendants' motion for summary judgment on Plaintiff's claims of violation of property interest and breach of contract must be **DENIED**.

    **b.  Violation of a Liberty Interest**

Plaintiff claims that Defendants violated his constitutionally protected liberty interests because false allegations were used in deciding to terminate his employment as Clovis Fire Chief

and because this conduct has stigmatized Plaintiff and caused serious damage to his reputation and standing in the community. (Pl. Compl. ¶ 28.) This contention must fail because Plaintiff has failed to satisfy the elements for violation of a liberty interest under the law of this Circuit.

It is well-settled that a public employee may make out a claim for violation of his liberty interests when an employer takes action to terminate that employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing in the community and foreclose the employee's freedom to take advantage of future employment opportunities. *Melton v. City of Oklahoma City*, 928 F.2d 920, 927 (10th Cir. 1991.)

The Tenth Circuit has imposed four requirements on an employee asserting a claim for violation of a liberty interest. The Plaintiff must show that, 1) the defendant made a statement impugning his good name, reputation, honor or integrity; 2) the statement was false; 3) the defendant made the statement in the course of termination proceedings or the statement foreclosed future employment opportunities; and 4) the statement was published. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 526 (10th Cir. 1998).

Plaintiff alleges that the City of Clovis reported allegations, later published in the Clovis News Journal, which were defamatory and had an adverse impact on his ability to find future employment. Plaintiff claims that Defendants' statements created an 'inference' of wrongdoing and dishonesty on his part. However, it is clear from the record that Defendants were extremely circumspect in their remarks to the media regarding the termination of Plaintiff's employment. The Supreme Court has rejected the theory that the mere fact of dismissal, absent some publicizing of the reasons for the action, can amount to a stigma infringing one's liberty interest.

7

*Bd. of Curators v. Horowitz*, 435 U.S. 78, 83 (1978)(quoting *Bishop v. Wood*, 426 U.S. 341 (1976)).

Furthermore, the Tenth Circuit has held that a liberty interest is not violated when one is discharged without public disclosure of the reasons for the discharge. *Dickeson v. Quarberg*, 844 F.2d 1435, 1440 (10th Cir. 1988). Speculative rumors circulating in the community as a result of defendants' *failure* to publish do not establish a deprivation of a liberty interest. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1235 (10th Cir. 1998). Plaintiff has failed to raise a genuine issue of material fact as to his claims for violation of a liberty interest under the Due Process Clause. As a result, Defendants' motion for summary judgment on this issue shall be **GRANTED**.

### c. Violation of Substantive Due Process

Plaintiff next contends that Defendants violated his right to substantive due process under the Fourteenth Amendment by firing him without proper notice or good reason, as required under the Clovis personnel ordinance, and because Defendants' actions were arbitrary and capricious. (Pl. Compl. ¶ 35.) In order to succeed on a claim for violation of substantive due process, the Plaintiff must establish either a protected property or liberty interest in the interest he has lost and that the government actions in question were arbitrary and capricious. *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1198 (10th Cir. 2000).

Even assuming that Plaintiff can establish a property interest in his employment as Fire Chief**,** he must still establish that the deprivation of that interest by Defendants was arbitrary and capricious. *Clinger v. New Mexico Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1167 (10th Cir. 2000). The Supreme Court has emphasized that only that most egregious official conduct

will qualify as arbitrary in the constitutional sense. *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). The substantive component of the Due Process Clause is violated by executive action only when that action can properly be characterized as arbitrary or conscience shocking by constitutional standards. *Collins v. Harker Heights*, 503 U.S. 115, 128 (1992).

The conduct alleged by Plaintiff in this case does not rise to the level of being arbitrary and capricious or 'conscience shocking' to the extent that the Plaintiff's substantive due process rights were violated. Plaintiff has failed to make a showing that the City's actions in this case were sufficiently arbitrary to amount to a violation of substantive due process rights. Accordingly, Defendants' motion for summary judgment on the issue of substantive due process should be **GRANTED**.

### d. Retaliatory Discharge under the First Amendment

Plaintiff further claims that his employment was terminated in retaliation for statements he made before the City of Clovis Public Safety Committee in November of 2002. (Pl's Comp. ¶ 43.) Plaintiff has failed to show that genuine issues of material fact exist regarding whether his termination amounted to retaliatory discharge in violation of the First Amendment. As such, Defendants' motion for summary judgment on the issue of retaliatory discharge is **GRANTED**.

The Supreme Court has recognized the need to balance the interests of a public employee in commenting on matters of public concern and the interests of the State, as employer, in promoting the efficiency of the public services it performs. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). In any retaliatory discharge case, the threshold inquiry is whether the speech at issue involved a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146-47 (1983).

In determining whether a particular statement involved a matter of public concern, the

fundamental inquiry is whether the Plaintiff speaks as an employee or as a citizen. *David v. City & County of Denver*, 101 F.3d 1344, 1355 (10th Cir. 1997). In the present case, Plaintiff's speech was made during an address to the Clovis Public Safety Committee on personnel matters within the Fire Department at which Plaintiff was speaking as a member of the Clovis Municipal Government. (Pl. Ex. 6 ¶ 25.) The Supreme Court has rejected the view that "all matters which transpire in a government office are of public concern". *Connick*, 461 U.S. at 149. Furthermore, the Supreme Court has found that speech not otherwise of public concern, does not attain that status because its subject matter could, in different circumstances, have been a topic of communication to the public that might be of general interest. *Id.* at 148.

The second inquiry in examining Plaintiff's claim of retaliatory discharge concerns whether Plaintiff's interests as a citizen in commenting upon matters of public concern, outweigh the interest of the State, as employer, in promoting the efficiency of the public services it performs through its employees. *Craven v. Univ. of Colorado Hosp. Auth.*, 260 F.3d 1218, 1227 (10th Cir. 2001)(quoting *Pickering*, 391 U.S. at 568). In making this inquiry, relevant considerations may include the extent to which the employee's speech impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties. *Rankin v. McPherson*, 483 U.S. 378, 388 (1987).

Turning to the speech at issue, it is clear that Plaintiff's comments were made in the course of his employment as Fire Chief and dealt with matters more akin to internal office workings than to matters of public concern. Further, the Clovis municipal government has a strong interest in maintaining loyalty and good relations among its employees, and deference

should be given to the opinions of the city government in assessing predictions of harm.

An additional issue raised by Plaintiff concerns the issue of temporal proximity between his speech and his termination, and whether his termination, standing alone, is sufficient to establish retaliatory discharge.  The Tenth Circuit has held that the date of Plaintiff's termination is key to this inquiry because the closer termination occurred to the protected activity, the more likely that termination alone will support a showing of causation.  *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999).  A retaliatory motive may be inferred when an adverse action closely follows protected activity.  *Chavez v. City of Arvada*, 88 F.3d 861, 866 (10th Cir. 1996).  Unless the termination is very closely connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation.  *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997).

Even if the time at issue here (approximately 7 weeks) were enough to support a prima facie case of retaliation, the Plaintiff cannot prove that Defendants' proffered reason for termination was pretextual.  The above assumes that Plaintiff can raise a genuine issue of material fact about whether he was discharged because of the speech at issue.  In my view, Plaintiff has not made such a showing and summary judgment on the issue of retaliatory discharge in violation of the First Amendment shall be **GRANTED**.

### IV.  Conclusion

Upon review of the evidence presented on this Motion for Summary Judgment, a material issue of fact exists with regard to Plaintiff's claims of violation of property interest in employment under the Due Process Clause and breach of contract.  Defendants' Motion for Summary Judgment on these claims is therefore **DENIED**.  Defendants are entitled to judgment as a matter

of law on Plaintiff's claims for violation of Substantive Due Process, violation of a liberty interest and retaliatory discharge under the First Amendment. Accordingly, Defendants' Motion for Summary Judgment on these claims shall be **GRANTED**.

**A SUMMARY JUDGMENT CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**