IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEWART A. "SAM" McCALLIE,

      Plaintiff,

vs.                              No. CIV 03-235 LCS/KBM

THE CITY OF CLOVIS, a municipality
existing under the laws of the State of
New Mexico, RAYMOND MONDRAGON,
individually, and in his official capacity as
City Manager of the City of Clovis,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Reconsider Denial of Summary Judgment on Counts I and IV (Doc. 48), filed on December 22, 2003. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motion and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that this Motion should be **DENIED**.

### I. Standard

Whether to grant or deny a motion for reconsideration is a matter committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising this discretion, courts have generally recognized three major grounds which justify reconsideration; 1) an intervening change in controlling law; 2) availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). In reconsidering its Order, the Court is not persuaded that the Order was clearly erroneous, involved a misunderstanding of law, or that Defendants have introduced

any contradictory controlling authority. *Id.*

## II. Violation of an Implied Contract

Defendants first argue that the Court erred in its analysis of implied contract. Defendants' argument misapprehends the Court's ruling. Defendants argue that an implied contract could not exist between Plaintiff and Defendants as a matter of law. Whether an implied employment contract exists is a question of fact, and may be found in written representations, such as an employee handbook, in oral representations, in the conduct of the parties, or in a combination of representations and conduct. *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 669 (1993). Defendants assert that no such representations or conduct took place between Plaintiff and Defendants and, as such, the Court's ruling on implied contract was erroneous. However, the Court's Order specifically found that genuine issues of material fact did exist as to whether an implied contract existed between Plaintiff and Defendants. As such, summary judgment on this issue is not appropriate.

Defendants also treat the issues of Plaintiff's status as a Department Head and his status as an at-will employee under the Clovis personnel ordinance as matters of undisputed fact. However, this Court explicitly found that genuine issues of material fact do exist on these points. It is axiomatic that summary judgment may not be granted when the Court finds that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c). The Court has found that such issues of material fact exist and, as such, summary judgment may not be granted on these issues.

## II. Preclusion of Breach of Contract and Property Interest Claims

Defendants next assert summary judgment should be granted because the Court concluded there was no issue of fact as to whether good cause existed to discharge Plaintiff. The Court

made no such ruling. The Court's opinion does state, "the Plaintiff cannot prove that Defendants' proffered reason for termination was pretextual". However, it is clear from the context that the Court's intention was to find, under the *Celotex* analysis[1], that Plaintiff had not sustained his burden under Rule 56 to show that a genuine issue of fact existed for trial on the issue of retaliatory discharge under the First Amendment. The Court did not, however, make a finding, as Defendant suggests, that just cause existed to terminate Plaintiff as a matter of law. In fact, the Court found that a genuine issue of material fact existed as to whether Plaintiff held a property interest in his employment, and therefore, whether his termination was appropriate as a matter of law.

Upon review of Defendants' Motion to Reconsider, this Court has determined that its Order was not based on a misapprehension of law and that Defendants have not presented any authority tending to contradict the Court's Order. As such, Defendants' Motion to Reconsider the Denial of Summary Judgment on Counts I and IV shall be **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).